UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EUGENE BLAKE,                                    Index No.: 21-cv-7191(PGG)

                Plaintiff,                      **FIRST AMENDED COMPLAINT**

    -against-                                   Plaintiff Demands Trial by Jury

CITY OF NEW YORK,
POLICE OFFICER ANTHONY ABADIA,
POLICE OFFICER ARIEL CASTILLO,
POLICE OFFICER OSCAR POLANCO and
POLICE OFFICER TAMMIE GARCIA,

                Defendants.
------------------------------------------------------------X

Plaintiff, EUGENE BLAKE, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK, POLICE OFFICER ANTHONY ABADIA ("P.O. ABADIA"), POLICE OFFICER ARIEL CASTILLO ("P.O. CASTILLO"), POLICE OFFICER OSCAR POLANCO ("P.O. POLANCO"), POLICE OFFICER TAMMIE GARCIA ("P.O. GARCIA"), upon information and belief alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, EUGENE BLAKE, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

1

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff EUGENE BLAKE is a United States Citizen of full age, residing in New York City.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a corrections department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a corrections department and the employment of corrections officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant corrections officer.

7. Defendant POLICE OFFICER ANTHONY ABADIA was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for,

and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant POLICE OFFICER ARIEL CASTILLO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant POLICE OFFICER OSCAR POLANCO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant POLICE OFFICER TAMMIE GARCIA was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of her duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in her by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duty. She is sued individually and in her official capacity.

**STATEMENT OF FACTS**

11. On or about April 22, 2021, at approximately 3:30 in the afternoon, plaintiff was in the custody of the New York Police Department, inside of Cell #4 at Central Booking in Manhattan.

12. Cell #4 at Central Booking in Manhattan is equipped with a surveillance camera.

13. Footage from that camera captures plaintiff on the day and time relevant to this Complaint.

14. The footage shows plaintiff standing facing the cell's inner wall while defendants POLICE OFFICER OSCAR POLANCO and POLICE OFFICER ARIEL CASTILLO stand behind him with each one holding one of plaintiff's arms.

15. The officers placed plaintiff in handcuffs without issue. As they did this, a third officer, defendant POLICE OFFICER ANTHONY ABADIA entered the cell and stood behind them.

Case 1:21-cv-07191-PGG   Document 29   Filed 12/09/22   Page 5 of 9

16. The officers then attempted to remove plaintiff from the cell.

17. Plaintiff then slipped in a puddle of water and fell.

18. Defendants POLANCO and CASTILLO, still holding onto plaintiff's arms, picked him up and placed him face first against the wall closest to the cell door, with plaintiff now standing on top of the cell bench.

19. Defendant ABADIA was then handed a pair of ankle shackles by defendant POLICE OFFICE TAMMIE GARCIA, who had previously been standing directly outside the cell.

20. Defendant ABADIA then shackled plaintiff at the ankles.

21. The three defendants begin to exit the cell, leaving plaintiff behind, but then all three suddenly changed course and rushed back into the cell.

22. Defendant CASTILLO pushed plaintiff into the wall, with his hand on the back of plaintiff's head.

23. Defendant ABADIA then began to punch plaintiff in the head repeatedly, while plaintiff remained handcuffed and shackled.

24. Defendant CASTILLO then tried to separate defendant ABADIA from plaintiff, though this did not stop ABADIA from repeatedly striking plaintiff.

25. While defendant ABADIA was wantonly striking plaintiff, defendant CASTILLO held plaintiff down and did nothing to prevent his fellow officer from striking plaintiff further.

26. After an extended struggle, plaintiff was picked up and taken out of the cell by defendants CASTILLO and POLANCO. Defendants ABADIA and P.O. TAMMIE GARCIA followed behind them as they escorted plaintiff into an adjacent room without cameras.

27. There, defendants ABADIA, CASTILLO and POLANCO continued to beat plaintiff about his body with their hands, arms and feet, while he remained handcuffed and shackled.

28. As this was happening, GARCIA stood by and did nothing, though she had a duty and an opportunity to intervene and put a stop to the illegal use of force by her colleagues.

29. At no time during the events described above did plaintiff commit any act for which the use of force would be a reasonable response by the defendants.

30. At no time during the events described above did defendants have any justification, reason, or legal license to use any amount of force against plaintiff.

31. At all times during the events described above defendants acted with malice and the intent to harm and cause pain to plaintiff.

32. At all times during the events described above defendants knew or should have known that their actions were unlawful and in violation of their sworn oath to uphold the Constitution of the United States in the furtherance of their duties as duly appointed law enforcement officials.

33. At no time during the events described above did plaintiff pose any threat to defendants, any other inmate, jail official, staff member or anyone else present at the time and place relevant to this Complaint.

34. The defendants' assault on plaintiff was malicious, intentional, and outside the bounds of acceptable uses of force for police officers.

35. As a result of defendants' unlawful actions, plaintiff did suffer injury, including but not limited to the violation of his constitutional right to be free from excessive force.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against Defendant POLICE OFFICER ANTHONY ABADIA, POLICE OFFICER ARIEL CASTILLO, POLICE OFFICER OSCAR POLANCO and POLICE OFFICER TAMMIE GARCIA, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

36. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

37. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

38. All of the aforementioned acts of defendants were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, particularly his right to be free from excessive force.

40. The acts complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

41. As a result of defendants' illegal misuse of force, plaintiff did suffer damages, including but not limited to pain, injury, emotional distress, mental anguish and public humiliation.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

27. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the

defendant police officers. The conduct of the defendant police officers was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

29.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to use force against a suspect in custody without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

30.     At all times relevant to this complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force as described in this Complaint.

31.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

32.     The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  December 8, 2022

| | | |
|---|---|---|
| New York, NY | By: | <u>   /s/Alexis G. Padilla   </u> |
| | | Alexis G. Padilla, Esq. [AP7400] |
| | | *Attorney for Plaintiff* |
| | | *Eugene Blake* |
| | | 378 Lewis Avenue #6 |
| | | Brooklyn, NY 11233 |
| | | (917) 238-2993 |
| | | alexpadilla722@gmail.com |